IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01124-PAB-MLC

THE ESTATE OF ANGEL GOODWIN, by and through Shawn Alvarado, personal representative; and
SHAWN ALVARADO, Individually,

    Plaintiffs,

v.

MONICA CONNELL, *et al.*

    Defendants.

---

## ORDER RE MOTION TO STAY DISCOVERY

---

Magistrate Judge Mark L. Carman

This matter comes before the court on Monica Connell, the Board of County Commissioners for Jefferson County, and Jefferson County Human Services' (the "County Defendants") "Motion to Stay all Proceedings and Discovery Pending Determination of Entitlement to Qualified Immunity" (Doc. 76). This Motion was referred to the Magistrate Judge by memorandum (Doc. 77), dated November 14, 2017. The court has reviewed the Motion, the Response (Doc. 86), filed on the December 5, 2017, and the Reply (Doc. 93), filed on December 14, 2017. In addition, the court has reviewed the County Defendants' Motion to Dismiss Second Amended Complaint and Jury Demand (Doc. 70), the entire case file, and the relevant legal authorities. Based upon this review, the court will deny the Motion to Stay.

### BACKGROUND

The Plaintiffs' Second Amended Civil Complaint and Jury Demand (Doc. 63), asserts four causes of action: (1) a claim under 42 U.S.C § 1983 against Defendant Connell, alleging a violation of the Fourteenth Amendment; (2) a claim under § 1983 against the Board of County

1

Commissioners and the Jefferson County Human Services Department alleging deliberate indifference in custom, habit, practice and training in violation of the Fourteenth Amendment; (3) a claim under Section 504 of the Rehabilitation Act of 1974 against the Board of County Commissioners and the Jefferson County Human Services Department; and (4) a claim of wrongful death against Defendant Connell and Defendant Personal Assistance Services of Colorado, Inc. *Id.* The Plaintiffs request compensatory, special, and punitive damages as well as equitable relief, costs, and attorney's fees.

On November 8, 2017, the County Defendants filed a Motion to Dismiss, which asserted, among other things, that Defendant Connell was entitled to qualified immunity. Doc. 70 at 5-10. Thereafter, the County Defendants filed the instant Motion to Stay based on Ms. Connell's assertion of qualified immunity, the Colorado Governmental Immunity Act, and the discretionary *String Cheese Incident* factors. Doc. 76 at 3-7.

## ANALYSIS

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Messerschmidt v. Millender* 565 U.S. 535, 546 (2012) (internal quotation marks and citations omitted). *See also Duncan v. Gunter*, 15 F.3d 989, 992 (10th Cir. 1994). Stated differently, the affirmative defense of qualified immunity "protects all but the plainly incompetent [government official] or those who knowingly violate the law." *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001) (internal quotation marks omitted).

As the Supreme Court noted in *Anderson v. Creighton*, 483 U.S. 635, 638 (1987), "damages suits against government officials can entail substantial social costs, including the risk

that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *See also Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982) (acknowledging that apart from the "substantial costs [that] attend the litigation of the subjective good faith of government officials," there is the concomitant potential for distracting officials from their governmental duties, inhibiting an official's discretionary actions, and deterring "able people from public service").

For all of its obvious importance, however, the qualified immunity defense is not absolute or a complete bar to discovery. Indeed, the Supreme Court has recognized that the qualified immunity doctrine seeks to strike a balance "between the interests in vindication of citizens' constitutional rights and in public officials' effective performance of their duties." *Anderson v Creighton*, 483 U.S. 635, 639 (1987). *Cf. Plummer v. Quinn*, No. 07 Civ 6154 (WHP), 2008 WL 383507, at *2 (S.D.N.Y. Feb. 12, 2008) ("The purpose of the qualified immunity doctrine is to 'strike a fair balance between (1) the need to provide a realistic avenue for vindication of constitutional guarantees, and (2) the need to protect public officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority."). The qualified immunity doctrine should protect an official from "broad-reaching" discovery, but not necessarily all discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 593 n. 14 (1998). *Cf. Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081, 1087 (D.N.M. 2015) ("officials are not protected from all discovery, 'but only from discovery which is either avoidable or overly broad'") (quoting *Garrett v. Stratman*, 254 F.3d 946, 953 (10th Cir. 2001).

Under the circumstances of this case, I conclude that a balancing of the competing interests militates against a stay of discovery during the pendency of the Motion to Dismiss. In

reaching that conclusion, the court observes that the qualified immunity defense is only available to individual government officials, not governmental entities. *Owen v. City of Independence*, 445 U.S. 622 (1980). Thus, it would not be applicable to either the Board of County Commissioners or Jefferson County Human Services. Nor would it apply to Defendant Personal Assistance Services of Colorado, Inc., which is a private entity. With respect to the claims asserted against Ms. Connell, the court concludes that Defendant's defenses — qualified immunity and the Colorado Governmental Immunity Act — are sufficiently fact based that Plaintiff is entitled to further discovery. In light of this determination, and a consideration of the *String Cheese Incident* factors[1], the court further concludes that discovery should not be stayed as to the other Defendants.

## CONCLUSION

Accordingly, for the foregoing reasons, Defendants' "Motion to Stay all Proceedings and Discovery Pending Determination of Entitlement to Qualified Immunity" is DENIED.

DATED at Denver, Colorado, this 21st day of December, 2017.

BY THE COURT:

Mark L. Carman
United States Magistrate Judge

---

[1] These factors include: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at * 2 (March 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).